# EXHIBIT 1

# Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Haley Paige McCay ("McCay"), both individually and on behalf of the individuals who have joined this matter pursuant to 29 U.S.C. § 216(b) whose names appear on Exhibit A to this Agreement (the "Additional Opt-in Plaintiffs"), and Anzie Blue, LLC, its predecessors and successors and past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, and agents (hereinafter, collectively referred to as "Anzie Blue").

# Recitals

WHEREAS, McCay filed a federal court lawsuit against Anzie Blue, *McCay v. Anzie Blue, LLC,* M.D. TN. Case No. 3:21-cv-00078 ("Lawsuit"), alleging that Anzie Blue violated 29 U.S.C. §203(m) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, by keeping tips allegedly earned by McCay and other employees in tipped positions;

WHEREAS, after the lawsuit was filed, seven (7) individuals affirmatively opted-in to the lawsuit by filing consent forms with the court to assert their claims under the FLSA;

WHEREAS, prior to engaging in significant litigation practice, the Parties agreed to engage in good-faith settlement discussions for McCay and the Additional Opt-In Plaintiffs in order to minimize the costs of litigation;

WHEREAS, Anzie Blue denies the allegations in McCay's First Amended Complaint and denies any and all liability;

WHEREAS, Anzie Blue has produced business records showing gross sales and tips, schedules and payroll records for McCay and the Additional Opt-in Plaintiffs, and the Parties engaged in good-faith settlement negotiations;

WHEREAS, Barrett, Johnston, Martin & Garrison LLC has represented McCay and negotiated with Anzie Blue at arm's length throughout this matter to ensure that McCay and the Additional Opt-In Plaintiffs receive all tips allegedly due under the FLSA from December 2019 through March 2021;

WHEREAS, on July 26, 2021, McCay and Anzie Blue reached a settlement in principal to resolve all claims in the Lawsuit, including her claim and the claims of the Additional Opt-In Plaintiffs;

WHEREAS, this Agreement does not affect or impact the rights of any other potential collective member who did not affirmatively opt-in to the action;

1

WHEREAS the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

**I.     General Terms of Settlement**

    A.    In exchange for the Release of Claims and other promises contained herein, Anzie Blue will, in accordance with the manner and timing provided for in Section III(A) below, make payments to McCay, the Additional Opt-In Plaintiffs, and McCay's Legal Counsel, Barrett, Johnston, Martin & Garrison LLC, in the amounts identified in Section III, below, and Exhibit A to this Agreement.

    B.    McCay and the Additional Opt-In Plaintiffs understand and acknowledge that, although Anzie Blue is entering into this Agreement and making the payments hereunder, Anzie Blue does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind and expressly denies the same.

**II.     Release of Claims, Acknowledgments, and Agreement to Cooperate**

    A.    <u>Release of Claims</u>

McCay and the Additional Opt-In Plaintiffs each hereby and forever releases and discharges the Released Parties from any and all liabilities, demands, claims, disputes, claims for attorneys' fees, costs and legal expenses, causes of action and legal proceedings of any type, known or unknown, that he/she has, may have had, could have alleged, or did allege (i) which arise out of, or are in any manner based upon or related to the claims alleged in the Lawsuit or (ii) under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), and any corresponding Tennessee law related to tips and the payment of wages.

For the purpose of this Agreement, the term "**Released Parties**" means Anzie Blue, LLC, its predecessors and successors and past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, and agents, and Marcie Van Mol and Derek Van Mol.

B. <u>Acknowledgments and Agreement to Cooperate</u>

McCay acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of tips, liquidated damages, civil penalties, and her legal fees and costs. McCay further agrees that this settlement represents fair and reasonable compensation for any unpaid wages or tips she may have accrued during her employment with Anzie Blue, inclusive of any claim for liquidated damages and attorneys' fees and costs, and that Anzie Blue does not owe her any further compensation or any other amounts for work performed during her employment with Anzie Blue. McCay further acknowledges and agrees she has been given sufficient time to read this Agreement and its attached Exhibit A prior to her execution of it, understands their terms, and has consulted with Barrett, Johnston, Martin & Garrison LLC about the legal effects of this Agreement. Finally, McCay agrees to direct her counsel, Barrett, Johnston, Martin & Garrison LLC, to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Barrett, Johnston, Martin & Garrison LLC, to work cooperatively with Anzie Blue to seek judicial approval of this Agreement, including preparation of court required pleadings.

## III. Settlement Payments

A. <u>Settlement Payments</u>

As consideration for the releases in Section II above, Anzie Blue agrees to pay: (i) the amounts specified in Exhibit A to McCay and each Additional Opt-In Plaintiff; and (ii) $18,000 to Barrett, Johnston, Martin & Garrison LLC. These payments are inclusive of attorneys' fees and costs and liquidated damages. The payments required by this section of the Agreement and Exhibit A shall be delivered to Barrett, Johnston, Martin & Garrison LLC within fourteen (14) days of the Court's issuance of an Order approving this Settlement Agreement. If the Settlement Agreement is not approved by the Court, Anzie Blue will cease to have any obligation to make these payments, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B. <u>Reporting of Settlement Payments</u>

1. As set forth in Exhibit A, McCay and the Additional Opt-In Plaintiffs shall receive two checks in the amounts specified in Exhibit A (one check containing the FLSA W-2 payment and one check containing the FLSA 1099 payment). For tax purposes,

3

the FLSA W-2 payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Anzie Blue will report the unpaid wages portion to McCay and each of the Additional Opt-In Plaintiffs on an IRS Form W-2. The FLSA 1099 payment shall be attributed to liquidated damages for which McCay and each of the Additional Opt-In Plaintiffs will receive an IRS Form 1099 from Anzie Blue. Anzie Blue shall be responsible for the employer's share of taxes on the W-2 amounts.

**IV.  Settlement Approval Process**

    A.  <u>Approval of Settlement</u>

The Parties will file with the Court, by August 27, 2021, a Joint Motion for Approval of Settlement, a Proposed Order Approving Settlement, and a supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will draft these documents. A fully executed copy of this Agreement, with Exhibit A, will be attached to the Joint Motion for Approval of Settlement. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement. The joint motion will not be filed until McCay signs this Agreement. The joint motion will request the following relief:

1. Entry of an order approving the settlement terms memorialized in this Agreement as fair, reasonable, and adequate.

2. Entry of an order requiring Anzie Blue to make the payments provided for in this Agreement.

    B.  <u>Entry of Order</u>

If this Agreement is approved by the court, an Order Approving Settlement should be entered by the court:

1. Approving this Agreement as fair, reasonable, and adequate;

2. Declaring the Settlement Agreement to be binding on Anzie Blue, McCay, and the Additional Opt-In Plaintiffs;

3. Dismissing with prejudice McCay and the Additional Opt-In Plaintiffs' claims in the Lawsuit;

4. Indicating the amount of attorneys' fees and costs to be awarded to Barrett, Johnston, Martin & Garrison LLC consistent with this Agreement; and

>   5. Requiring Anzie Blue to make the payments as provided for in Exhibit A in accordance with the payment schedule referenced in Section III(A) of this Agreement.

## V. Breach

If Anzie Blue breaches this Agreement by failing to make the payments provided for herein, Anzie Blue shall have ten calendar days to cure such breach. Failure to cure such a breach will result in McCay's Legal Counsel bringing a motion for contempt of the court's Order Approving Settlement and the ability to seek attorneys' fees and costs related to this breach. The Parties agree that any breach by Anzie Blue will not reinstate the underlying claims released by this Agreement.

## VI. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Tennessee.

## VII. Entire Agreement

This document and Exhibit A constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements.  In entering into this Agreement, McCay expressly acknowledges that she is not relying on advice from anyone from Anzie Blue, including Anzie Blue's principals, owners, or attorneys, or any other individual or entity other than Barrett, Johnston, Martin & Garrison LLC.

## VIII. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## IX. Counterparts

The Agreement may be executed in counterparts and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

## X. Ratification

McCay hereby authorizes and ratifies all that her attorneys may have done or may do in effectuation of this Agreement, consistent with the terms of this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

8.25.2021
Dated

*[signature]*
Haley Paige McCay on behalf of herself,
and the Collective Class Members

8/24/21
Dated

*[signatures]*
Anzie Blue, LLC

By: DVM/MAV

Its: Owners

# EXHIBIT A

# Exhibit A

| First Name | Last Name | Wages | Liquidated Damages | Total |
|---|---|---|---|---|
| Haley Paige | McCay | $ 535.74 | $ 535.74 | $ 1,071.49 |
| Savannah | Coble | $ 1,236.17 | $ 1,236.17 | $ 2,472.35 |
| Graham | Watts | $ 837.24 | $ 837.24 | $ 1,674.48 |
| Grace | Jensen | $ 686.73 | $ 686.73 | $ 1,373.46 |
| Ashley | Eppert | $ 465.02 | $ 465.02 | $ 930.03 |
| Kerrick | Crace | $ 1,475.82 | $ 1,475.82 | $ 2,951.64 |
| Antonicka | Starnes | $ 4,601.60 | $ 4,601.60 | $ 9,203.20 |
| Carolyn | Reynolds | $ 500.00 | $ 500.00 | $ 1,000.00 |
| | | | | |
| **TOTAL** | | **$ 10,338.32** | **$ 10,338.32** | **$ 20,676.65** |